UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:16-CR-24-JD-MGG |
| | ) |
| RICHARD MAXIE | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Richard Maxie's request for compassionate release. *See* DE 62. For the reasons stated below, the Defendant's request is DENIED.

### I. BACKGROUND

On February 18, 2016, local law enforcement searched the Defendant's vehicle and found marijuana, a digital scale, and a firearm. *See* Presentence Investigation Report (PSR) ¶ 6, DE 25. In a subsequent interview, the Defendant admitted that the gun was his, that he had a prior felony conviction, and that the gun was for his protection while he sold marijuana. *Id.*

On March 9, 2016, the Grand Jury indicted the Defendant for (Count 1) felon in possession of a firearm; (Count 2) possession of a firearm in furtherance of drug trafficking, and (Count 3) possession with the intent to distribute marijuana. DE 1, pp. 1-3; 18 U.S.C. §§ 922(g)(1), 924(c); 21 U.S.C. § 841(a)(1).

On May 19, 2016, the Defendant pleaded guilty to Count 2. DE 19. On October 12, 2016, the Court sentenced the Defendant to 60 months of imprisonment. DE 32. The Court dismissed Counts 1 and 3 pursuant to the parties' plea agreement. *Id.* The Defendant is currently housed at FCI Gilmer in West Virginia. *See* INMATE LOCATOR, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Aug. 27, 2020). The Defendant is currently 27 years old, and his projected release date is September 20, 2020. *Id.*

On June 4, 2020, the Defendant sent a letter to the Court in which he requested to be "released early" due to the ongoing COVID-19 pandemic. DE 62. However, the Defendant

conceded that "[t]he prison that I am currently in does not have any confirmed cases of the virus and the staff and administration are working diligently and taking great measures to avoid the Covid-19 virus from infiltrating the facility." *Id.* The Defendant did not indicate whether he suffers from any health conditions that make him especially vulnerable to COVID-19. *See id.* The Court interpreted this letter as a request for compassionate release and ordered a response by the Government. DE 65. On June 22, 2020, the Government filed a response in opposition to the request for compassionate release.[1] DE 66. The Defendant did not file a reply or any other filings in support of his request for compassionate release.

## II.  DISCUSSION

The Defendant requests early release due to the ongoing COVID-19 pandemic. For the reasons stated below, the Defendant's request is denied.

In relevant part, 18 U.S.C. § 3582(c) empowers the district court to modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *5 (N.D. Ind. June 11, 2020). "In determining whether there is an extraordinary and compelling reason to modify a term of imprisonment, the Court may consider (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, (3) the age of the defendant, and (4) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic." *United States v. Stewart*, No. 3:13-CR-126, 2020 WL 3428033, at *2

---

[1] The Court will only address the arguments necessary for the resolution of the Defendant's request for early release.

2

(N.D. Ind. June 23, 2020); *see also United States v. Root*, No. 1:11-CR-69, 2020 WL 4783635, at *2 (N.D. Ind. Aug. 18, 2020). "To the extent that they are applicable, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)." *Stewart*, 2020 WL 3428033, at *2.

The Defendant bears the burden of demonstrating that he is entitled to a sentence reduction. *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *2 (C.D. Ill. May 12, 2020) (citing *United States v. Ebbers*, 432 F. Supp. 3d 421, 426–27 (S.D.N.Y. 2020)). "Whether to grant relief pursuant to 18 U.S.C. § 3582(c)(1)(A) is left to the sound discretion of the district court." *Stewart*, 2020 WL 3428033, at *2.

In this case, the Defendant concedes that "[t]he prison that I am currently in does not have any confirmed cases of the virus and the staff and administration are working diligently and taking great measures to avoid the Covid-19 virus from infiltrating the facility." DE 62. The Defendant does not indicate whether he has any health conditions that make him especially vulnerable to COVID-19. *See id.* Further, the Defendant is a 27-year-old male who appears to be in good physical health. *See* PSR ¶ 48. Thus, the Defendant fails to demonstrate "extraordinary and compelling reasons" that warrant compassionate release.

### III.  CONCLUSION

For the reasons stated above, Defendant Richard Maxie's Request for Compassionate Release [DE 62] is DENIED.

SO ORDERED.

ENTERED: August 28, 2020

                                                /s/ JON E. DEGUILIO
                                                Chief Judge
                                                United States District Court