UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:16-CR-24 JD |
| RICHARD MAXIE | |

## OPINION AND ORDER

On October 12, 2016, this Court sentenced Richard Maxie to a sixty-month term of imprisonment for possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). (DE 34.) Maxie's term of supervision began on December 23, 2020. (DE 91 at 1.) While on supervision, Maxie violated the conditions of his release by committing the offense of carrying a handgun without being licensed and by possessing a Taurus 9-millimeter handgun. (DE 94 at 1.) On September 15, 2022, this Court revoked Maxie's term of supervision and imposed a sentence of 12 months and one day, to be served consecutively to his undischarged prison term imposed in the St. Joseph County Superior Court. (*Id.* at 3.) After this sentence was imposed, Maxie filed a motion asking the Court to issue an order compelling his counsel, Nelson Pichardo, to surrender the work file he created when representing Maxie, including "all discovery," "all court filings, motions, responses and order[s]," and "all other notes, letters, correspondence, sentencing, hearing transcripts, emails and/or any other tangible thing[s] associated with this case." (DE 95.) According to Maxie, these records are necessary to help him file a motion under 28 U.S.C. § 2255.

The Court denies Maxie's motion. First, this Court lacks jurisdiction to grant Maxie's request. "Once a district court enters a final judgment . . . it lacks jurisdiction to continue hearing related issues, except to the extent authorized by statute or rule." *Bunge Agribusiness Signapore*

*Pte. Ltd. v. Dallan Hualiang Enter. Grp. Co.*, No. 04 CV 6376, 2013 WL 3274218, at *2 (N.D. Ill. June 27, 2013) (quoting *United States v. Campbell*, 324 F.3d 497, 500 (7th Cir. 2003)). Even though Maxie indicates he plans to file a motion under § 2255, a § 2255 petitioner "is not permitted discovery as a matter of course as in ordinary civil litigation." *United States v. Bontkowski*, 262 F. Supp. 2d 915, 920 (N.D. Ill. 2003). Rather, under Rule 6(a) of the Rules Governing Section 2254 and 2255 Cases, this Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause will be found where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief. . . ." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Because Maxie has not included specific allegations of fact that would warrant discovery, he has not shown good cause. Without this showing of good cause, discovery must be denied.

Other courts, when faced with similarly sparse motions to compel counsel, have also denied discovery. *See, e.g.*, *United States v. McGraw*, No. 3:09-CR-0210-B(BH), 2015 WL 13820473, at *1 (N.D. Tex. Apr. 23, 2015) ("Here, Defendant has made no specific allegations of fact that would warrant discovery even if his motion had been filed in the context of a § 2255 proceeding."); *United States v. Smith*, No. 1:03-CR-194, 2012 WL 6628676, at *15 (W.D. Mich. Dec. 19, 2012) (denying request from defendant that the court order production of "numerous documents from former counsel" where the defendant's "motion lacks sufficient factual or legal justification"); *United States v. Trevino*, 554 F. App'x 289, 295 (5th Cir. 2014) (affirming district court's decision to deny defendant's motion asking the court to "direct[] his attorney to provide a complete copy of the case to him" where the defendant had failed to "set forth specific allegations of fact"); *United States v. Tuggle*, No. 05-30015-DRH, 2009 WL 2020846, at *2

(S.D. Ill. July 9, 2009) (finding that the court lacked jurisdiction where the allegations failed to show that the defendant was moving under section 2255).

Furthermore, to the extent that Maxie's eventual § 2255 challenge is directed at his underlying conviction for possession of a firearm in furtherance of drug trafficking, it would constitute a second or successive collateral attack. Maxie already filed a motion under 28 U.S.C. § 2255 to vacate the sentence imposed on October 12, 2016, for possession of a firearm in furtherance of drug trafficking. (DE 34; DE 37.) The Court previously denied this motion to vacate. (DE 56.) If Maxie is again seeking to attack this underlying conviction, this Court has no jurisdiction to consider a second or successive collateral attack on his conviction or sentence unless the court of appeals has granted authorization, which it has not. 28 U.S.C. § 2255(h); *Suggs v. United States*, 705 F.3d 279, 281–82 (7th Cir. 2013); *see also Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

Additionally, even though Maxie states that he has been denied records by his counsel, he fails to present evidence showing that he has directly sought the evidence from his attorney or that his counsel refused his request for a copy of these materials. *See United States v. McGraw*, No. 3:09-CR-0210-B(BH), 2015 WL 13820473, at *2 (N.D. Tex. Apr. 23, 2015) (denying motion to compel where the defendant failed to "present any evidence that the documents he seeks exist, that his attorney has possession of them, that *he* or a new attorney directly sought the evidence from his attorney, or that counsel refused his request for a copy of these materials"). Without evidence indicating that his counsel has failed to respond over a prolonged period of time, this court is reluctant to interfere in the attorney-client relationship. *See United States v. Redding*, No. 04-80057, 2011 WL 2078954, *2 (E.D. Mich. May 25, 2011) ("The Court ordinarily does not intervene in the relationship between a party and his counsel, and would act

only in the face of an attorney's refusal, persistent disregard, or undue delay in responding to a client's reasonable request for materials or other assistance.").

For those reasons, the Court DENIES Maxie's motion to compel. (DE 95.)

SO ORDERED.

ENTERED: April 12, 2023

/s/ JON E. DEGUILIO<br>
Chief Judge<br>
United States District Court

4